**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| EXXON MOBIL CORPORATION | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT**

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Exxon Mobil Corporation ("Defendant" or "Exxon") for infringement of United States Patent Nos. 7,899,713 ("the '713 Patent") and 8,788,090 ("the '090 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a New Jersey corporation with its corporate headquarters located at 5959 Las Colinas Blvd., Irving, TX, 75039-2298. Defendant may be served through its registered agent, Corporation Service Company, at 830 Bear Tavern

Rd., West Trenton, NJ 08628-1020. Defendant is registered to do business in Texas through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

**VENUE**

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 7,899,713)**

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '713 Patent with sole rights to enforce the '713 Patent and sue infringers.

11. A copy of the '713 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '713 Patent is valid, enforceable, and was duly issued in full compliance

with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 16, of the '713 Patent by making, using, importing, selling, and/or offering for sale customizable gas pumps and fuel transactions covered by one or more claims of the '713 Patent. Defendant has infringed and continues to infringe the '713 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, gas pumps and Speedpass+ app ("Product"), and any similar devices and apps, which infringe at least Claim 16 of the '713 Patent. The Product allows a user to remotely customize the operation of various functions of the Product (e.g., a user is able to dictate the payment method used on a gas pump using a smartphone).

15. On information and belief, the Product includes a remote server including a database storing product preferences (e.g., payment method information stored in the server that is linked to the smartphone app) of a predetermined product (e.g., a gas pump) for at least one user (e.g. a user must sign into their Exxon account using their account credentials).

16. On information and belief, the Product utilizes a terminal (e.g., a smartphone or tablet) for transmitting an identity of at least one user to the remote server (e.g. Exxon server) (e.g., a user must log in to the app using log-in credentials) and for receiving the product preference (e.g., payment method to be used at the gas pump) of the at least one user from the server (e.g., the Exxon server).

17. The Product includes a communication network (e.g., pumps are required to have a broadband internet connection to provide Speedpass+ functionality) for coupling the remote server (e.g., Exxon server) and the terminal (e.g., smartphone).

18. The Product includes a first communication module (e.g., Internet connectivity module) within the product (e.g., gas pump) and in communication with the terminal (e.g., smartphone).

19. On information and belief, the server receives the identity of the product and the identity of the user (e.g., a user is identified by their account, and the product is identified by the geolocation of the pump and/or the user's selection of the pump number). On information and belief, the server also retrieves the product preferences (e.g., payment method to be used at the pump, options regarding receipt printing, and ability to add a car wash) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve payment information that the user has previously input and also allow a user to add a car wash if the detected location has car wash services available, and select whether a receipt will be printed) and transmit the product preferences to the first communication module (e.g., the Internet module in the pump) via the terminal (e.g., the transaction was initiated on the smartphone).

20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT II**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)**

23. Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States and, in

particular, under 35 U.S.C. §§ 271, et seq.

25. Plaintiff is the owner by assignment of the '090 Patent with sole rights to enforce the '090 Patent and sue infringers.

26. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit B.

27. The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 Patent by making, using, importing, selling, and/or offering for sale customizable gas pumps and fuel transactions covered by one or more claims of the '090 Patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

29. Defendant sells, offers to sell, and/or uses systems, including, without limitation, gas pumps and Speedpass+ app ("Product"), and any similar devices and apps, which infringe at least Claim 16 of the '713 Patent. The Product allows a user to remotely customize the operation of various functions of the Product (e.g., a user is able to dictate the payment method used on a gas pump using a smartphone).

30. On information and belief, the Product includes a remote server including a database storing product preferences (e.g., payment method information stored in the server that is linked to the smartphone app) of a predetermined product (e.g., a gas pump) for at least one user (e.g. a user must sign into their Exxon account using their account credentials).

31. The System includes a first communication module (e.g., Internet connectivity module) within the product (e.g., gas pump) and in communication with the remote server

(e.g., Exxon server).

32. On information and belief, the server receives the identity of the product and the identity of the user (e.g., a user is identified by their account, and the product is identified by the geolocation of the pump and/or the user's selection of the pump number). On information and belief, the server also retrieves the product preferences (e.g., payment method to be used at the pump, options regarding receipt printing, and ability to add a car wash) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve payment information that the user has previously input and also allow a user to add a car wash if the detected location has car wash services available, and select whether a receipt will be printed) and transmit the product preferences to the first communication module (e.g., the Internet module in the pump).

33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

34. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent Nos. 7,899,713 and 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: March 14, 2016

Respectfully submitted,

*/s/ Jay Johnson*

**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B